

FILED
Dec 16, 2019
01:20 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Vera Adiole | )   Docket No. 2018-06-0451 |
| | ) |
| v. | )   State File No. 13008-2018 |
| | ) |
| Logan Senior Care, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

---

## Affirmed and Certified as Final

---

The employee alleged she injured her low back and/or aggravated a pre-existing arthritic condition in her right hip as a result of a work-related accident. Following a course of authorized treatment with two physicians, the employee asserted she was entitled to additional medical treatment. In response to the employer's motion for summary judgment, which was supported by the opinions of three physicians, the employee submitted the sworn declaration of a physician's assistant. The trial court granted the employer's motion for summary judgment and dismissed the employee's claim. The employee has appealed. We affirm the trial court's decision and certify its order as final.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Vera Adiole, Antioch, Tennessee, employee-appellant, pro se

A. Allen Grant, Nashville, Tennessee, for the employer-appellee, Logan Senior Care, LLC

## Memorandum Opinion[1]

Vera Adiole ("Employee"), a resident of Davidson County, Tennessee, worked as a home healthcare provider for Logan Senior Care, LLC ("Employer"). On January 31,

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

2018, Employee was assisting a patient in a wheelchair and was attempting to maneuver the wheelchair onto a curb when she experienced right lower back pain. She reported the incident to Employer and was provided a panel of physicians from which she selected Dr. Juris Shibayama. Dr. Shibayama concluded Employee was not a surgical candidate and referred her to Dr. Jeffrey Hazlewood, a pain management specialist.

In his March 22, 2018 report, Dr. Hazlewood indicated the lumbar MRI was "unremarkable," showing degenerative changes only. He later noted "no objective evidence of radiculopathy" and concluded there were "rather significant non-physiological signs." Dr. Hazlewood diagnosed a lumbar strain injury with myofascial pain and stated "more likely than not that the employment described event 1/31/2018 is the cause of the lumbar strain and need for further treatment." However, in an April 16, 2018 report, Dr. Hazlewood concluded he had done "everything I know to do." He also commented that he "cannot justify chronic medications for subjective pain and no objective findings." Dr. Hazlewood released Employee from his care but indicated he would see her as needed.

Employee returned to Dr. Hazlewood in May 2018 with complaints of pain and weakness in her right foot and leg. Dr. Hazlewood ordered an EMG of Employee's right lower extremity that was interpreted as normal. Employee asserted that Dr. Hazlewood's treatment, including the EMG, increased her pain and other symptoms. Dr. Hazlewood released her again on June 11, 2018, concluding he had nothing else to offer her.

In July 2018, Employee sought treatment at a walk-in clinic and was referred to Seven Springs Orthopedics, where she was seen by Caitlyn Clemmer, a physician's assistant working under the supervision of Dr. Jason Jones. Ms. Clemmer's report noted Employee's belief that Dr. Hazlewood "vigorously maneuvered" Employee's back and caused "further harm." Ms. Clemmer opined that "it is reasonable to conclude that her current symptoms <u>may</u> be reasonably referable to the trauma incident described in her history." (Emphasis in original.) She also noted "it is at least 'probable' that many of her on-going acute symptoms . . . may be related to the work-related incident."[2]

In April 2019, Dr. Shibayama opined that Employee's current low back and right hip conditions were not more than fifty percent related to the work injury. He also stated that her ongoing need for medical treatment was not more than fifty percent related to the work injury.

Employee was also evaluated by Dr. Tarek Elalayli on April 24, 2019. Dr. Elalayli noted the MRI findings were "quite benign" and concluded Employee suffered a low back strain as a result of the work accident. He stated Employee had severe arthritis

---

[2] Ms. Clemmer's January 25, 2019 "Sworn Declaration," as included in the record on appeal, was not signed by the supervising physician.

in her right hip but opined it was a "pre-existing condition and certainly less than 50% related to her work injury." Dr. Elalayli did not believe Employee suffered "any type of acute anatomic changes to her lower back."

Thereafter, Employer filed a motion for summary judgment, arguing that Employee could not present sufficient evidence that her medical conditions or her need for additional medical treatment arose primarily from the work accident. During the hearing on Employer's motion, Employee argued she had presented sufficient evidence from Ms. Clemmer as to the cause of her medical conditions and need for additional treatment to survive Employer's motion for summary judgment. The trial court granted Employer's motion and dismissed Employee's claim. Employee has appealed.

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact at the summary judgment stage. *Rye v. Women's Care Ctr. of Memphis, PLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).

In the present case, we agree with the trial court that Employer presented sufficient evidence that Employee's medical conditions and current need for treatment did not arise primarily from the January 31, 2018 work accident. This evidence satisfied Employer's burden of production under Rule 56. As a result, the burden shifted to Employee to come forward with sufficient evidence showing a genuine issue of material fact as to the cause of her medical conditions and need for additional treatment. However, the sworn declaration of a physician's assistant, without more, cannot create a genuine issue of material fact as to the issue of causation. A physician's assistant, like a nurse practitioner, is not qualified to offer an expert opinion on medical causation. *See Dorsey v. Amazon.com, Inc.*, No. 2015-01-0017, 2015 TN Wrk. Comp. App. Bd. LEXIS 13, at *9 (Tenn. Workers' Comp. App. Bd. May 14, 2015). Moreover, Ms. Clemmer couched her opinions in terms such as "may be reasonably referable" and "may be related." Such opinions, even if admissible, do not meet the standards to satisfy causation set forth in Tennessee Code Annotated section 50-6-102(14)(B) (2019). Thus, we conclude Employee did not come forward with sufficient evidence at the summary judgment stage to show a genuine issue of material fact as to the issue of medical causation. We therefore affirm the trial court's order granting Employer's motion for summary judgment and certify it as final.

3



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| Vera Adiole | ) | Docket No. 2018-06-0451 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 13008-2018 |
| | ) | |
| Logan Senior Care, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of December, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Vera Adiole | | X | | X | 850 Richards Road, Apt. R6 Antioch, TN 37013 vadiole712@icloud.com |
| A. Allen Grant | | | | X | agrant@eraclides.com mjohnson@eraclides.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov